**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


LEO J. SCHWARTZ, III,

      Plaintiff,

v.                                               No. CIV 08-0228 MCA/RLP

CLINT WELLBORN, Socorro County
District Attorney (sued in his individual and
official capacities); STACEY
A. WARD, Socorro County Chief
District Attorney (sued in her individual and
official capacities);
AGENT SHANE ARTHUR; AGENT RICHARD
MATTHEWS; SERGEANT ART ORTIZ;
DETECTIVE NATHAN LUCERO;
SERGEANT KEVIN BRUNO; AND
CAPTAIN JOHN DOE (sued in their individual
and official capacities); SOCORRO
POLICE DEPARTMENT; OFFICER ROCKY
FERNANDEZ; DETECTIVE ANGEL
GARCIA; JOEL HALEY; SERGEANT
MARTIN BENAVIDEZ; SERGEANT
LAWRENCE MONTANO; OFFICER JOHN
DOE; CHIEF LAWRENCE ROMERO;
OFFICER REBEKAH GONZALES; OFFICER
JOHN ARMIJO; and CAPTAIN MIKE
WINDERS, all are sued in their individual
and official capacities,

      Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

        This matter is before the Court, after remand from the Court of Appeals for the Tenth Circuit

and *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's original and

amended/supplemental civil rights complaints (Docs. 1, 7, 9) (together the "complaint"). Plaintiff

was incarcerated when he filed his complaint, but he has since been released.  He appears pro se and is proceeding in forma pauperis.  For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's claims arise from events at the time of, and after, the killing of his wife in 2005.  Plaintiff was in police custody at the time of the killing and was not a suspect.  A suspect was charged and convicted, but Plaintiff believes that another person committed the crime.  He undertook his own investigation and attempted to convince both law enforcement officials and prosecutors to expand their investigations.  For his efforts, Plaintiff alleges, he was harassed and subjected to retaliatory, pretextual traffic stops and false arrests.  He was convicted of being a felon in possession of a firearm, sentenced to supervised probation, and then incarcerated when his probation was revoked.  He was released in May, 2008.  According to his requests for relief, Plaintiff's claims are for false imprisonment, deprivation of property and business income, mental

2

anguish, the wrongful death of his wife, defamation, retaliation, and harassment.  The complaint seeks damages and injunctive relief, including orders reversing Plaintiff's state criminal conviction and reopening the investigation of his wife's death.

In an earlier complaint that is still pending before this Court, *Schwartz v. Socorro County Detention Center*, No. CV 07-1106 RB/GBW, Plaintiff asserted one of the claims that he raises in this action.  He contends in the earlier complaint that his initial detention in March, 2005, was at least partly to blame for his wife's death.  He repeats this claim here.  In order to conserve judicial resources and avoid duplicative parallel litigation, *see Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002); *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1133 (10th Cir. 2003), the Court will dismiss this claim.

No relief is available on Plaintiff's claims for false imprisonment, or the resulting alleged defamation, mental anguish, and loss of property.  "[C]laims of false arrest, false imprisonment, and malicious prosecution must be premised on a lack of probable cause," *Hoffman v. Martinez*, 92 F. App'x 628, 631 (10th Cir. 2004), as evidenced by "termination of the challenged criminal proceedings in [Plaintiff]'s favor," *Garey, Jr. v. Romero*, No. 09-2218, 2010 WL 175938, at *2 (10th Cir. Jan. 20, 2010) (citations omitted).  Here, Plaintiff makes no allegation that he received favorable disposition of state criminal proceedings (although certain charges were dismissed in a plea deal).  He was sentenced to supervised probation and was later incarcerated when his probation was revoked.  The Court will therefore dismiss his claims of false arrest and imprisonment.  And because Plaintiff's claims of defamation, mental anguish, and loss of property are premised on the "falseness" of Plaintiff's arrest and imprisonment, these claims also will be dismissed.

Nor is relief available on Plaintiff's allegations in support of his request for orders to reverse his state criminal conviction and to reopen the investigation of his wife's death.  First, "[c]hallenges

to the fact of conviction . . . are cognizable only under the habeas statutes." *Woodruff v. Everett*, 43 F. App'x 244, 245 (10th Cir. 2002) (citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). And second, "[i]n general, federal courts are not entrusted with the responsibility of ensuring the effective enforcement of state criminal laws. . . . It is the duty of executive officials--not the courts--to take care that the criminal laws are faithfully executed." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1205 (10th Cir. 2004) (citations omitted). Plaintiff's claims for release and for reopening an investigation will be dismissed.

In Plaintiff's supplemental complaint (Doc. 9), he alleges retaliation and harassment by Socorro law enforcement officers after his release from prison. He directs these claims against the Socorro Police Department and a number of individuals in both their individual and official capacities. The Court offers no opinion as to the merit of these allegations, but they appear to survive scrutiny under § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). A municipal police department, of course, is not a proper defendant ("person") and cannot be held separately liable in an action under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims against Denver Police Department as non-suable entity), *vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986). For purposes of this order, therefore, Plaintiff's claims against Defendant Socorro Police Department are construed as directed at the municipality itself. The Court will substitute the City of Socorro for the Socorro Police Department as a named Defendant.

IT IS THEREFORE ORDERED that Plaintiff's claims in the original and first amended complaints (Docs. 1, 7) are DISMISSED;

IT IS FURTHER ORDERED that Defendants Wellborn, Ward, Arthur, Matthews, Ortiz, Lucero, Bruno, and Captain John Doe are DISMISSED as parties to this action;

4

IT IS FURTHER ORDERED that the Clerk is directed to substitute the City of Socorro for the Socorro Police Department as a Defendant;

IT IS FURTHER ORDERED that the Clerk is directed to issue summons for the City of Socorro, and to mail the summons and supplemental complaint (Doc. 9) to the Mayor of Socorro and copies to the city clerk;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the supplemental complaint (Doc. 9), for Defendants Fernandez, Garcia, Haley, Benavidez, Montano, Romero, Gonzales, Armijo, and Winder.


_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE