IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LEO J. SCHWARTZ, III**,

      Plaintiff,

  vs.                                            No. 08cv228 MCA/RLP

**CITY OF SOCORRO,
MAYOR OF SOCORRO,
ROCKY FERNANDEZ,
ANGEL GARCIA, JOE HALEY,
MARTIN BENAVIDEZ, LAWRENCE
MONTANO, LAWRENCE ROMERO,
REBECCA GONZALES, JOHN
ARMIJO, and MIKE WINDERS,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendants' Motion for Partial Dismissal and Memorandum in Support Thereof* [Doc. 50], filed November 23, 2010, and Plaintiff Leo Schwartz's *Motion for Recusal* [Doc. 51], filed November 29, 2010. Having considered the parties' submissions, the relevant law, and being otherwise fully advised in the premises, the Court denies the motion to recuse and grants the motion for partial dismissal.

## I. BACKGROUND

This action stems from events that occurred around the time of, as well as after, the March 31, 2005, shooting death of Mr. Schwartz's wife, Karen Schwartz. At the time of the shooting, Mr. Schwartz was in police custody and was not considered a suspect. Ultimately,

Lisa Utley, a friend of Karen Schwartz, pled guilty to voluntary manslaughter in connection with the killing. See State v. Utley, 186 P.3d 904, 904 (N.M.App. 2008).

According to Mr. Schwartz, although he initially was in agreement with the State that Ms. Utley had killed his wife, he "began to have serious questions concerning Lisa Utely's [sic] guilt, and began to try to find out what really happened." [Doc. 9 at 9]. Mr. Schwartz soon became convinced that another individual, Clay Martin, was responsible for the death of his wife. Mr. Schwartz contends that as a consequence of his decision to undertake his own investigation of his wife's death, Socorro Police Department officers began a campaign of harassment against him, subjecting him to retaliatory, pretextual traffic stops and false arrests.

In June 2007, Mr. Schwartz, in what he represents was in exchange for the dismissal of an aggravated-assault charge against him, pled guilty to being a felon in possession of a firearm and was placed on supervised probation for a period of 18 months. [See Doc. 1; Exh. 2]. His probation was revoked in August 2007 and he was sentenced to 366 days' incarceration. [Doc. 1; Exh. 4].

In a *Prisoner's Civil Rights Complaint* that was twice amended, Mr. Schwartz states claims for false imprisonment, deprivation of property and business income, mental anguish, the wrongful death of his wife, defamation, retaliation, and harassment. Mr. Schwartz also seeks damages and injunctive relief, including orders reversing his state criminal conviction and reopening the investigation of his wife's death. [See Docs. 1, 7, 9].

On August 28, 2008, this Court dismissed the action for Mr. Schwartz's failure to show cause why he should be excused from paying his filing fee. [Doc. 15].  Mr. Schwartz appealed, and the Tenth Circuit reversed and remanded, holding that the dismissal for failure to pay the filing fee in full was contrary to the provisions of the Prisoner Litigation Reform Act, particularly since the Court had at the same time granted Mr. Schwartz *in forma pauperis* status. [See Doc. 24].

On May 3, 2010, this Court *sua sponte* (1) dismissed the claims in Mr. Schwartz's original and first amended complaints, Documents 1 and 7; (2) dismissed Defendants Clint Wellborn, Stacey Ward, Shane Arthur, Richard Matthews, Art Ortiz, Nathan Lucero, Kevin Bruno, and Captain John Doe as parties to the action ("the previous defendants"); (3) ordered that the City of Socorro be substituted for the Socorro Police Department as a defendant; and (4) ordered service of the defendants whose motion to dismiss is now before the Court. [Doc. 33 at 4-5].  The Court expressly allowed Mr. Schwartz's claims of retaliation and harassment to move forward, noting that while it was "offer[ing] no opinion as to the merit of these allegations . . . they appear[ed] to survive scrutiny under § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6)." [Id. at 4].

On November 23, 2010, the City of Socorro and individual defendants John Armijo, Martin Benavidez, Rocky Fernandez, Angel Garcia, Rebekah Gonzales, Joel Haley, Lawrence Montano, and Mike Winders filed the motion for partial dismissal that is now before the Court, seeking dismissal of all remaining claims against them—except for those alleging retaliation and harassment—on the same grounds cited by the Court in its May 3,

2010 dismissal of the other named defendants. [See Doc. 50]. On November 29, 2010, Mr. Schwartz filed the motion for recusal that is also now before the Court. The Court addresses each motion below, beginning with the matter of recusal.

## II. APPLICABLE STANDARDS, ANALYSIS AND DISCUSSION

### A. *Motion for Recusal* [Doc. 51]

In this motion, Mr. Schwartz asks the undersigned presiding judge to recuse herself, arguing that her actions demonstrate that she is prejudiced and biased against him. [Doc. 51 at 3]. In support of these contentions, Mr. Schwartz points to the following: (1) the Tenth Circuit's reversal of this Court's August 28, 2008 order of dismissal; (2) the fact that once the Court had learned that Mr. Schwartz was no longer incarcerated, the Court nevertheless waited 14 months before withdrawing the *Order of Reference* that had previously been entered [see Docs. 4, 49]; and (3) since neither side has objected to the magistrate judge's overseeing the case, this case should continue to be assigned to him. [See generally Doc. 52].

Pursuant to 28 U.S.C. § 455, a judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned[,]" as well as where "[s]he has a personal bias or prejudice concerning a party. . . ." 28 U.S.C. § 455(a), (b)(1). The Tenth Circuit has held that "'disqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" United States v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006) (*quoting* In re McCarthey, 368 F.3d 1266, 1269 (10th Cir.2004)). This standard "'is purely objective[, and t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.'" Estate of Bishop v.

4

Equinox Intern. Corp., 256 F.3d 1050, 1058 (10th Cir. 2001) (*quoting* United States v. Cooley, 1 F.3d 985, 993 (10th Cir.1993)).  The determination is an "extremely fact driven" one.  Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995).

28 U.S.C. § 455 "should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice."  Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659-660 (10th Cir. 2002).  Just as recusal is required when the issue of disqualification is a close one, "a judge also has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require."  Id. at 659 (internal quotation marks omitted).

The fact that the judge in question has previously expressed an opinion on a point of law does not merit disqualification.  Estate of Bishop, 256 F.3d at 1058.  Delays attributed to the judge are not sufficient grounds for disqualification, id. (*citing* Kennedy v. Meacham, 540 F.2d 1057, 1060 (10th Cir.1976)), and neither are adverse prior determinations by the judge, since "[u]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge."  Mendoza, 468 F.3d at 1262.

Upon remand from the Tenth Circuit, while this Court *sua sponte* dismissed a number of defendants, it allowed certain claims to go forward, noting that they "they appear[ed] to survive scrutiny under § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6)." [Doc. 33 at 4].  The Court also instructed the Clerk of Court to issue notice, waiver-of-service forms, and copies of Mr. Schwartz's supplemental complaint upon the individual defendants now before the Court. [Id. at 5].

Regarding the withdrawal of the order of reference, 28 U.S.C. § 636(c)(4) provides that "[t]he court may, for good cause shown on its own motion . . . vacate a reference of a civil matter to a magistrate judge under this subsection."  28 U.S.C. § 636(c)(4).  On November 5, 2010, when the order of reference was withdrawn, I explained that "this case is not a prisoner civil rights case." [See Doc. 49].

Disqualification is not appropriate here under the facts and reasons proffered by the Plaintiff because I conclude that no reasonable person, "were he to know all the circumstances, would harbor doubts about the judge's impartiality." Mendoza, 468 F.3d at 1261-62.  There is simply no showing and nothing proffered to substantiate the suggestions that the undersigned judge harbors any sort of personal prejudice or bias with respect to Mr. Schwartz.  As noted above, unfavorable judicial rulings do not in themselves call into question the impartiality of a judge.  I possess no independent knowledge of the fats or events at issue in the present case.  Finally, Plaintiff's assertion that this case rightfully deserves to be tried before a magistrate judge is misinformed; neither party has consented that this case be tried before a magistrate judge.

For the foregoing reasons, the *Motion for Recusal* will be denied.

### B. *Defendants' Motion for Partial Dismissal and Memorandum in Support Thereof* [Doc. 50]

In this motion, the City of Socorro and individual defendants John Armijo, Martin Benavidez, Rocky Fernandez, Angel Garcia, Rebekah Gonzales, Joel Haley, Lawrence Montano, and Mike Winders move to dismiss all claims against them—with the express

exception of those claims for harassment and retaliation—on the ground that the same reasoning the Court applied in its May 3, 2010 *sua sponte* dismissal of the other defendants applies with equal force here. [See Doc. 50 at 2].

In order to withstand a motion to dismiss made pursuant to Fed.R.Civ.P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 (2007). In handing down Twombly, the United States Supreme Court invalidated the longstanding rule that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court explained that "after puzzling the profession for 50 years, this famous observation has earned its retirement." Twombly, 550 U.S. 544, 563. In order to survive dismissal under the new standard, a plaintiff must "nudge[ his] claims across the line from conceivable to plausible . . . ." Id. at 570. In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Our Tenth Circuit has stated that

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then

>the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting* Twombly, 550 U.S. at 570)(internal citations omitted).

Our Supreme Court has recently expounded upon the meaning of Twombly:

>Two working principles underlie [the] decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009)(citation omitted). The Supreme Court has also commented that

>[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

Id. at 1950.

Finally, "'[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" Smith v. United

States, 561 F.3d 1090, 1098 (10th Cir. 2009) (*quoting* Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir.1999)).  Additionally, "[i]n evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits. . . ."  Smith, 561 F.3d at 1098.  With these standards in mind, the Court now turns to the case at hand.

To the extent that Mr. Schwartz asserts against the remaining defendants claims for false imprisonment, defamation, mental anguish, and loss of property, I find, for the same reasons stated in the May 3, 2010, *Memorandum Opinion and Order* dismissing the previous defendants,[1] that Mr. Schwartz has failed to state a claim upon which relief can be granted. [See Doc. 33 at 3-4].  In our Circuit, state tort law provides the starting point in the analysis of a claim for false imprisonment; in New Mexico, an essential element of such a claim is a lack of probable cause.  Jackson v. New Mexico Public Defender's Office, 361 Fed.Appx. 958, 964 (10th Cir. 2010).  The burden of demonstrating a lack of probable cause falls to Mr. Schwartz, who makes no such assertion, although he *does* maintain that a 2007 charge of aggravated assault upon his fiancee was dismissed.  [See Doc. 54 at 5].  However, the dismissal of a criminal charge "[does] not ipso facto establish a lack of probable cause." Spalsbury v. Sisson, 250 Fed.Appx. 238, 243 (10th Cir. 2007).  Accordingly, Mr. Schwartz's claims of false imprisonment will be dismissed, as will his dependent claims of defamation, mental anguish, and loss of property.

---

[1] The Court and adopts and incorporates by reference herein the reasoning set forth at pages 3 through 4 of its May 3, 2010 *Memorandum Opinion and Order*. [Doc. 33 at 2-4].

To the extent that Mr. Schwartz contends that his detention on March 31, 2005 "ultimately allowed [Karen Schwartz's] murder to occur[,]", for the same reasons expressed in the May 3, 2010 *Memorandum Opinion and Order*, this claim will also be dismissed. Additionally, inasmuch as this claim is one for the wrongful death of Mrs. Schwartz, "a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990).

Finally, to the extent that Mr. Schwartz continues to "seek[] relief in the form of a reversal of his unconstitutional conviction of New Mexico statute 30-7-16, felon in possession of a firearm[,]" [Doc. 1 at 17], a "[c]hallenge[] to the fact of conviction or confinement [is] cognizable only under the habeas statutes." Woodruff v. Everett, 43 Fed.Appx. 244, 245 (10th Cir. 2002). To the extent Mr. Schwartz continues to request that his wife's murder case be reopened and "a complete investigation of every aspect" be conducted, Mr. Schwartz again fails to state a claim on which relief can be granted, as "[i]n general, federal courts are not entrusted with the responsibility of ensuring the effective enforcement of state criminal laws; that role falls to state and local law enforcement authorities." Jennings v. City of Stillwater, 383 F.3d 1199, 1205 (10th Cir. 2004). In short, this Court agrees with the remaining defendants' position that the same reasoning supporting dismissal of the previous defendants and set forth in this Court's May 3, 2010 *Memorandum Opinion and Order* applies equally here.

On the basis of the foregoing, the remaining defendants' motion for partial dismissal will be granted.

### III. CONCLUSION

For the reasons set forth above, the Court will deny Mr. Schwartz's *Motion for Recusal*. For the reasons set forth above and also for the reasons expressed in this Court's May 3, 2010 *Memorandum Opinion and Order*, the reasoning in which is adopted and incorporated herein by reference, the Court will grant *Defendants' Motion for Partial Dismissal and Memorandum in Support Thereof.*

**IT IS, THEREFORE, ORDERED** that Plaintiff Leo Schwartz's *Motion for Recusal* [Doc. 51] is **DENIED**;

**IT IS FURTHER ORDERED** that *Defendants' Motion for Partial Dismissal and Memorandum in Support Thereof* [Doc. 50] is **GRANTED**.

**SO ORDERED** this 15th day of February, 2011, in Albuquerque, New Mexico.

                                                                    _____
                                                                    **M. CHRISTINA ARMIJO**
                                                                    United States District Judge