IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LEO J. SCHWARTZ, III,**

      Plaintiff,

      vs.                                  No. 1:08-CV-00228-MCA-WDS

**CITY OF SOCORRO, ROCKY
FERNANDEZ, ANGEL GARCIA,
JOEL HALEY, MARTIN
BENAVIDEZ, LAWRENCE
MONTANO, LAWRENCE ROMERO,
REBEKAH GONZALES, JOHN
ARMIJO and MIKE WINDERS,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendants' Motion for Summary Judgment* [Doc. 89] and Plaintiff's *Motion for Leave to File an Amended Complaint* [Doc. 95]. Having considered the submissions, the relevant case law, and otherwise being fully advised in the premises, the Court denies *Defendants' Motion for Summary Judgment* without prejudice and grants Plaintiff's *Motion for Leave to File an Amended Complaint*.

**I.     BACKGROUND**

The following recitation of the background of this case is drawn from the Court's *Memorandum Opinion and Order* filed on February 15, 2011. [Doc. 63]

> This action stems from events that occurred around the time of, as well as after, the March 31, 2005, shooting death of Mr. Schwartz's wife, Karen Schwartz. At the time of the shooting, Mr. Schwartz was in police custody and was not considered a suspect. Ultimately, Lisa Utley, a friend of Karen Schwartz, pled guilty to voluntary manslaughter in connection with the killing. See State v. Utley, 186 P.3d 904, 904 (N.M.App. 2008).
>
> According to Mr. Schwartz, although he initially was in agreement with the State that Ms. Utley had killed his wife, he "began to have serious questions concerning Lisa Utely's [sic] guilt, and began to try to find out what really happened." [Doc. 9 at 9]. Mr. Schwartz soon became convinced that another individual, Clay Martin, was responsible for the death of his wife. Mr. Schwartz contends that as a consequence of his decision to undertake his own investigation of his wife's death, Socorro Police Department officers began a campaign of harassment against him, subjecting him to retaliatory, pretextual traffic stops and false arrests.
>
> In June 2007, Mr. Schwartz, in what he represents was in exchange for the dismissal of an aggravated-assault charge against him, pled guilty to being a felon in possession of a firearm and was placed on supervised probation for a period of 18 months. [See Doc. 1; Exh. 2]. His probation was revoked in August 2007 and he was sentenced to 366 days' incarceration. [Doc. 1; Exh. 4].
>
> In a *Prisoner's Civil Rights Complaint* that was twice amended, Mr. Schwartz states claims for false imprisonment, deprivation of property and business income, mental anguish, the wrongful death of his wife, defamation, retaliation, and harassment. Mr. Schwartz also seeks damages and injunctive relief, including orders reversing his state criminal conviction and reopening the investigation of his wife's death. [See Docs. 1, 7, 9].
>
> On August 28, 2008, this Court dismissed the action for Mr. Schwartz's failure to show cause why he should be excused from paying his filing fee. [Doc. 15]. Mr. Schwartz appealed, and the Tenth Circuit reversed and

> remanded, holding that the dismissal for failure to pay the filing fee in full was contrary to the provisions of the Prisoner Litigation Reform Act, particularly since the Court had at the same time granted Mr. Schwartz *in forma pauperis* status. [See Doc. 24].
>
> On May 3, 2010, this Court *sua sponte* (1) dismissed the claims in Mr. Schwartz's original and first amended complaints, Documents 1 and 7; (2) dismissed Defendants Clint Wellborn, Stacey Ward, Shane Arthur, Richard Matthews, Art Ortiz, Nathan Lucero, Kevin Bruno, and Captain John Doe as parties to the action ("the previous defendants"); (3) ordered that the City of Socorro be substituted for the Socorro Police Department as a defendant; and (4) ordered service of the defendants whose motion to dismiss is now before the Court. [Doc. 33 at 4-5] The Court expressly allowed Mr. Schwartz's claims of retaliation and harassment to move forward, noting that while it was "offer[ing] no opinion as to the merit of these allegations . . . they appear[ed] to survive scrutiny under § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6)." [Id. at 4].

[Doc. 63 at 1-4]

On May 23, 2010, the City of Socorro and the individual defendants, John Armijo, Martin Benavidez, Rocky Fernandez, Angel Garcia, Rebekah Gonzales, Joel Haley, Lawrence Montano, and Mike Winders filed *Defendants' Partial Motion for Dismissal and Memorandum in Support Thereof*. [Doc. 50] Defendants sought "dismissal of all the remaining claims against them–except for those alleging retaliation and harassment–on the same grounds cited by the Court in its May 3, 2010 dismissal of the other named Defendants." [Doc. 63 at 3-4] On November 29, 2010, the *pro se* Plaintiff filed a *Motion for Recusal*, alleging that the presiding judge was prejudiced and biased against him. [Doc. 51] In a *Memorandum Opinion and Order* filed on February 15, 2011, the Court denied the motion for recusal, because "[t]here is simply no showing and nothing proffered to substantiate the suggestions that the undersigned judge harbors any sort of

3

personal bias or prejudice with respect to Mr. Schwartz." [Doc. 63 at 6]  The Court granted Defendants' motion for partial dismissal "for the reasons expressed in [the] Court's May 3, 2010 *Memorandum Opinion and Order*." [Doc. 63 at 11]

Plaintiff appealed the Court's February 15, 2011 *Memorandum Opinion and Order* to the Tenth Circuit Court of Appeals. [Doc. 70]  The Tenth Circuit dismissed Plaintiff's appeal, because "no final or appealable order has been entered by the district court." [Doc. 73]

On November 30, 2011, Defendants filed *Defendants' Motion for Summary Judgment* and *Defendants' Memorandum in Support of Motion for Summary Judgment*. [Docs. 89 and 90]  In their motion, Defendants contend that "[t]he only issues remaining are whether plaintiff was harassed and/or retaliated against by the named defendants after he was released from prison in November, 2008."  Defendants argue that summary judgment is proper because the twice amended complaint fails to allege any retaliation or harassment against any named Defendant after November, 2008.  Defendants further argue that they are protected by the doctrine of qualified immunity

On December 1, 2011, Plaintiff filed the present *Motion for Leave to File an Amended Complaint*, with an attached *Proposed Amended Complaint*.  [Doc. 95]  In his motion, Plaintiff seeks to add two additional defendants who issued traffic citations to Plaintiff.  Specifically, Plaintiff alleges that Officer W. Mauldin of the Socorro Police Department issued Plaintiff two traffic citations on May 23, 2009 for expired automobile insurance and failure to yield at a stop sign.  Although Officer Mauldin denied having any

knowledge of Plaintiff, "Plaintiff was later informed by several people that Officer Mauldin was previously employed by the New Mexico State Police as an investigator" and "[t]his is when Plaintiff remembered that Officer Mauldin, along with Detective Angel Garcia who found Plaintiff and escorted Plaintiff to New Mexico State Police headquarters located at Escondida in Soccorro County, where Plaintiff was advised of his wife, Karen Schwartz's murder." [Doc. 95 at 8]  Following a trial on August 25, 2009, Plaintiff was found guilty of the traffic infractions and fined. [Doc. 95 at 7]  Plaintiff's motion to amend also seeks to add Officer Luis Chavez of the Socorro Police Department as a defendant.  Plaintiff alleges that Officer Chavez issued him a traffic citation on July 22, 2009 for speeding.  The citation was dismissed in Socorro Municipal Court. [Doc. 95 at 8]

## II.   DISCUSSION

A.   *Defendants' Motion for Summary Judgment* [Doc. 89]

1.   Applicable Standard

Summary judgment under Fed. R. Civ. P. 56 shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. " Fed.R.Civ.P. 56(a).  When a motion for summary judgment is made and supported as provided in this rule, the adverse party must cite "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Judgment is appropriate "as a matter of law" if the nonmoving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999).

In order to warrant consideration by the Court, the factual materials accompanying a motion for summary judgment must be admissible or usable at trial (although they do not necessarily need to be presented in a form admissible at trial).  See Celotex, 477 U.S. at 324.  It is not the court's role, however, to weigh the evidence, assess the credibility of witnesses, or make factual findings in ruling on a motion for summary judgment.  Rather, the Court assumes the evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor.  See Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999).

Plaintiff has asserted retaliation and harassment claims under 42 U.S.C. § 1983, which provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The Tenth Circuit has held that "[a]ny form of official retaliation for exercising one's freedom of speech, including prosecution, threatened prosecution, bad faith investigation, and legal harassment, constitutes an infringement of that freedom." Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2000) (internal quotation marks and citation omitted).  "Even if an official's action would be unexceptionable if taken on other grounds, when retaliation against Constitutionally-protected speech is the but-for cause of that action, this retaliation is actionable and subject to recovery."  Howards v. McLaughlin, 634 F.3d 1131, 1143 (10th Cir.), cert. granted __ U.S. __ (2011) (internal quotation marks and citations omitted).  To prevail on a First Amendment retaliation claim, the plaintiff must prove the following elements:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

Worrell, 219 F.3d at 1212 (internal quotation marks and citation omitted).

In this case, Defendants have raised the defense of qualified immunity.  "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal quotation marks and citation omitted).  "In qualified immunity cases at the summary judgment stage, the plaintiff must demonstrate

7

on the facts alleged (1) that the defendant[s] violated his constitutional or statutory rights, and (2) that the constitutional right was clearly established at the time of the alleged unlawful activity." Howards, 634 F.3d at 1140 (internal quotation marks and citation omitted).

2.   Analysis

Defendants contend that they are entitled to summary judgment because "[t]he only issues remaining are whether plaintiff was harassed and/or retaliated against by the named defendants after he was released from prison in November, 2008" and "[n]one of these defendants were involved in any alleged improper acts after November, 2008." [Doc. 89; Doc. 90 at 2, 3]  In support thereof, Defendants rely on page 11 of the Court's February 11, 2011 *Memorandum Opinion and Order*, which adopted and incorporated the reasoning of the Court's May 3, 2010 *Memorandum Opinion and Order*. [Doc. 63]  In its May 3, 2010 *Memorandum Opinion and Order*, the Court characterized the allegations in Plaintiff's supplemental complaint as follows:

> In Plaintiff's supplemental complaint (Doc. 9), *he alleges retaliation and harassment by Socorro law enforcement officers after his release from prison. . . .* The Court offers no opinion as to the merit of these allegations, but they appear to survive scrutiny under § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6).

[Doc. 33 at 4] (Emphasis added).

Defendants have misconstrued the excerpted statement from the Court's May 3, 2010 *Memorandum Opinion and Order*. [Doc. 33]  In that statement, the Court was merely characterizing the allegations contained in Plaintiff's supplemental complaint

8

(Doc. 9), which was filed on April 1, 2008.  Because Plaintiff's supplemental complaint was filed five months *before* November, 2008, the Court fails to see how the allegations contained therein possibly could be limited to incidences that occurred *after* November, 2008.  Indeed, a plain reading of Plaintiff's supplemental complaint [Doc. 9] belies Defendants' contention and reveals that Plaintiff's claims of retaliation and harassment are based on incidences that occurred after March 31, 2005, the date on which Plaintiff's wife was murdered.  For example, "Claim 2" is based on a traffic stop conducted by Defendant Rocky Fernandez "[a]bout two (2) weeks after the demise of plaintiff's wife, Karen Schwartz." [Doc. 9 at 13] "Claim 3" is based on a traffic stop conducted by Defendant John Armijo after "Lisa Utely's pre-sentence hearing in early March, 2006." [Doc. 9 at 15] "Claim 4" is based on "constant surveillance" by Defendant Angel Garcia "[d]uring the events of March, 2006" and several traffic stops conducted by Defendant Rebekah Gonzales sometime before September, 2006. [Doc. 9 at 16-17]  "Claim 5" is based on a search of Plaintiff's home, which was conducted by several of the Defendants on October 5, 2006. [Doc. 9 at 18-19] "Claim 6" is based on an alleged domestic disturbance and the subsequent impoundment of Plaintiff's truck on or about March 12, 2007. [Doc. 9 at 19-20]  "Claim 7" is based on Plaintiff's detention, following a traffic stop, on July 12, 2007.  In light of the foregoing, the Court concludes that Plaintiff's claims of retaliation and harassment are not temporally limited to occurrences after November, 2008.

To place the statement in the Court's May 3, 2010 *Memorandum Opinion and Order* in context, it is instructive to refer to the Court's earlier recitation of the underlying facts:

> Plaintiff's claims arise from events at the time of, and after, the killing of his wife in 2005.  *Plaintiff was in custody at the time of the killing and was not a suspect*.  A suspect was charged and convicted, but Plaintiff believes that another person committed the crime.  He undertook his own investigation and attempted to convince both law enforcement officials and prosecutors to expand their investigations.  For his efforts, Plaintiff alleges, he was harassed and subjected to retaliatory, pretextual traffic stops and false arrests.

[Doc. 33 at 2] (Emphasis added).  The Court's reference to Plaintiff's allegations of "retaliation and harassment by Socorro law enforcement officers after his release from prison" was simply intended to refer to Plaintiff's release from custody following his wife's murder on March 31, 2005.  Because *Defendant's Motion for Summary Judgment* is based on the mistaken premise that Plaintiff's claims are limited to incidences of retaliation and harassment that occurred after November, 2008, it is hereby denied without prejudice. [Doc. 90 at 6]

The Court recognizes that, at the summary judgment stage, Plaintiff bears the burden to prove that Defendants violated his constitutional rights and that these rights were clearly established.  See Howards, 634 F.3d at 1140.  However, the record reflects that Defendants denied Plaintiff's discovery requests based on their mistaken interpretation of the Court's prior *Memorandum Opinions and Orders*.  Specifically, in

10

response to Plaintiff's requests for discovery Defendants Rocky Fernandez, Rebecca Gonzales, and Angel Garcia,[1] consistently responded as follows:

> Defendants object to responding to this interrogatory because it seeks irrelevant information. *See* Memorandum Opinion and Order entered February 15, 2011 and Memorandum Opinion and Order entered May 3, 2010. The only relevant information is from after plaintiff was released from prison which, plaintiff states, was on November 4, 2008.

[Doc. 99, Exhibits 1-3] In light of these responses, Plaintiff contends that he has "not had an opportunity to make full discovery" and, in essence, asks the Court to reopen discovery under Fed. R. Civ. P. 56(d). [Doc. 99 at 4]

"Discovery plays an important role in our adversarial system: full development of the facts surrounding a matter furthers the purpose discovery is intended to serve–advancing the quest for truth." Mann v. Fernandez, 615 F. Supp. 2d 1277, 1284 (D.N.M. 2009) (Browning, J.) (internal quotation marks and citation omitted). "Whether to extend or reopen discovery is committed to the sound discretion of the trial court . . . ." Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987).

> Appellate decisions have identified several relevant factors in reviewing decisions concerning whether discovery should be reopened, including: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

---

[1] Defendant John Armijo never submitted any response to Plaintiff's interrogatories or requests for production. [Doc. 99 Exhibit 4]

11

Id.; see also Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only for good cause and with the judge's consent").

Applying these principles to the facts of this case, the Court concludes that discovery should be reopened. Although Plaintiff's request is opposed, the Court notes that there is no trial date scheduled and no indication that Defendants would be prejudiced by reopening discovery. Furthermore, the record reflects that Plaintiff was diligent in his attempts to obtain discovery within the guidelines established by the Court, but that Defendants objected to Plaintiff's discovery requests based on their mistaken interpretation of this Court's prior *Memorandum Opinions and Orders*. [See Doc. 80]. Lastly, Plaintiff's interrogatories and requests for production are likely to lead to the discovery of evidence relevant to the incidences of retaliation and harassment alleged in Plaintiff's supplemental complaint [Doc. 9]. Accordingly, good cause exists to grant Plaintiff's request to reopen discovery.

Defendants contend, however, that Plaintiff's request to reopen discovery should be denied because Plaintiff failed to file a motion to compel discovery or an affidavit in accordance with Fed. R. Civ. P. 56(d). [Doc. 100 at 8] First, Defendants have cited no authority, and the Court has found none, holding that the filing of a motion to compel is a condition precedent to reopening of discovery. Second, despite Plaintiff's failure to comply with the procedural requirements of Fed. R. Civ. P. 56(d), this Court nonetheless retains the inherent authority to reopen discovery and modify prior scheduling orders in light of the good cause shown in this case. See Fed. R. Civ. P. 16(b)(4).

For the foregoing reasons, *Defendants' Motion for Summary Judgment* [Doc. 89] is denied without prejudice and Plaintiff's request to reopen discovery is granted. This matter is referred to the assigned Magistrate Judge, W. Daniel Schneider, for the purpose of imposing new discovery deadlines.

### B.   *Motion for Leave to File an Amended Complaint [Doc. 95]*

Plaintiff's *Motion for Leave to File an Amended Complaint* seeks to add two new defendants to the litigation, Socorro Police Officers W. Mauldin and Luis Chavez, based on alleged incidences of retaliation and harassment that occurred after the filing of Plaintiff's supplemental complaint. [Doc. 95]  Defendants respond that Plaintiffs' motion to amend should be denied, in relevant part, because the proposed amended complaint "does not invoke federal jurisdiction" or state a claim upon which relief can be granted. [Doc. 96 at 2]

Fed. R. Civ. P. 15(d) provides as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

This rule "plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary. Such amendments are well within the basic aim of the rules to make pleadings

13

a means to achieve an orderly and fair administration of justice." Griffin v. County Sch. Bd. of Prince Edward County, 377 U.S. 218, 227 (1964). Thus, "trial courts [have] broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events." Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001). "Such authorization should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." Id. (Internal quotation marks and citation omitted).

Defendants will not be prejudiced by permitting Plaintiff to file a supplemental complaint, given that there is no impending trial date and new discovery deadlines must be imposed.[2] There is no indication that Plaintiff's motion is based on bad faith or a dilatory motive. Additionally, the proposed supplemental complaint, when read liberally in conjunction with the allegations of retaliation and harassment in Plaintiff's prior supplemental complaint [Doc. 9], "appear[s] to survive scrutiny under § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6)." [See Doc. 33] See 6 C. Wright & A, Miller, Federal Practice and Procedure § 1504 (2011) (noting that supplemental pleadings "represent additions to or continuations of the earlier pleadings"); see generally United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally;

---

[2]The deadline for filing an amended complaint and adding additional parties was September 9, 2011. [See Docs. 75 and 79] Plaintiff's first *Motion for Leave to File an Amended Complaint* was timely filed on September 7, 2011. [Doc. 82] On November 21, 2011, the Court denied Plaintiff's motion without prejudice for failure to comply with the local rules [See Doc. 87] and Plaintiff responded by filing the present *Motion for Leave to File an Amended Complaint* ten days later, on December 1, 2011. [Doc. 95]

this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."). Because "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment," Frank v. United States West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993), Plaintiff's *Motion for Leave to File an Amended Complaint* [Doc. 95] is granted.

### III. CONCLUSION

*Defendants' Motion for Summary Judgment* [Doc. 89] is based on the mistaken premise that Plaintiff's claims for harassment and retaliation are temporally limited to occurrences after November, 2008. Because Plaintiff's claims are not temporally limited, and because Plaintiff was denied a meaningful opportunity to obtain discovery, Defendants' *Motion for Summary Judgment* is denied without prejudice and Plaintiff's request to reopen discovery is granted. Additionally, Plaintiff's *Motion for Leave to File an Amended Complaint* [Doc. 95] is granted.

**IT IS THEREFORE ORDERED** that *Defendants' Motion for Summary Judgment* [Doc. 89] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's request to reopen discovery is **GRANTED** and the matter is referred to Magistrate Judge Schneider for the imposition of new discovery deadlines.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Leave to File an Amended Complaint* [Doc. 95] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to issue summons, and the United States Marshal is directed to serve copies of the summons and supplemental complaints [Docs. 9 and 95] to Defendants W. Mauldin and Luis Chavez at no cost to Plaintiff.

**SO ORDERED** this 31th day of May, 2012, in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
United States District Judge